IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE H. KNOX, III | CASE NO. 1:07-CV-00144 AWI DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS |
| vs. | |
| J. WOODFORD, et al., | [Docs. 1 and 10] |
| Defendants. / | |

**Findings and Recommendations Following Screening of Complaint**

Plaintiff Willie H. Knox III ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on January 26, 2007.

On December 4, 2007, the court issued an order finding that plaintiff's allegations give rise to cognizable claims for relief under section 1983 against defendants Soto, Reynoso, Popper, Galaza, Pear, Morales, Reese, Navarro, Crisanto, Reynaga, Wanagitis, Pelayo, Negrete and Hernandez for use of excessive force in violation of the Eighth Amendment. Plaintiff's complaint also contains state law claims. However, plaintiff's complaint does not state any other claims upon which relief may be granted under section 1983. The court ordered plaintiff to either file an amended complaint or notify the court that he wishes to proceed only on his Eighth Amendment claims. On December 14, 2007, plaintiff notified the court that he does not wish to amend and wishes to proceed only his excessive force claims

and state law claims. Based on plaintiff's notice, the instant Findings and Recommendations now issues.

**A.     Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th

1 | Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

2 | **B.     Plaintiff's Claims**

3 |       The events at issue in the instant action allegedly occurred at Kern Valley State Prison, where plaintiff was incarcerated at the time.  Plaintiff names former California Department of Corrections and Rehabilitation Director Jeanne Woodford, Warden Galaza; Captain Soto; Lieutenants Reynoso and Garza; Sergeants Popper and Alvarez; Officers Pear, Morales, Reese, Navarro, Crisanto, Reynaga, Wanagitis, Pelayo, Negrete and Hernandez; Medical Technical Assistants Parks, Fhemas, and Sweeny; and Appeals Coordinator Gricewich as defendants.  Plaintiff alleges defendants violated his rights under the Eighth Amendment and the Fourteenth Amendment as well as California law.  Plaintiff is seeking money damages and injunctive relief.  Because plaintiff is no longer incarcerated at the prison at which the events giving rise to his claims occurred, plaintiff's claims for injunctive relief are moot and this action shall be treated as one for damages only.  <u>Dilley v. Gunn</u>, 64 F.3d 1365, 1368 (9th Cir. 1995); <u>Johnson v. Moore</u>, 948 F.2d 517, 519 (9th Cir. 1991).

      1.     <u>Eighth Amendment Claims</u>

          a.     <u>Excessive Force Claim</u>

      Plaintiff alleges that on August 9, 2005, defendants Soto, Reynoso, Popper and Galaza ordered officers to spray plaintiff with pepper spray without justifiable reason.  Plaintiff alleges that defendants Pear, Morales, Reese, Navarro, Crisanto, Reynaga, Wanagitis, Pelayo, Negrete and Hernandez obeyed the orders and excessively sprayed plaintiff with pepper spray and thereafter assaulted him.

      "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ."  <u>Hudson v. McMillian</u>, 503 U.S. 1, 8 (1992).  "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency."  <u>Id</u>. (internal quotation marks and citations omitted).  The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident.  <u>Id</u>. at 9; <u>see also</u> <u>Oliver v. Keller</u>, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines <u>de minimis</u> uses of force, not <u>de minimis</u> injuries)).  However, not "every malevolent touch by a prison guard gives rise to a federal cause of action."  <u>Id</u>. at 9.  "The Eighth Amendment's prohibition of cruel and unusual

3

punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

Under federal notice pleading standards, plaintiff's allegations are sufficient to state claims for the use of excessive force against defendants Soto, Reynoso, Popper, Galaza, Pear, Morales, Reese, Navarro, Crisanto, Reynaga, Wanagitis, Pelayo, Negrete and Hernandez . Fed. R. Civ. P. 8(a); Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512-15 (2002); Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004); Jackson v. Carey, 353 F.3d 750, 754 (9th Cir. 2003); Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125-26 (9th Cir. 2002).

    b.  Failure to Provide Adequate Medical Care

Plaintiff alleges that after he was pepper sprayed, defendants Parks, Fhemas and Sweeny failed to ensure that plaintiff was decontaminated as required by medical procedures. A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994).

"Deliberate indifference is a high legal standard." Toguchi, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be

4

drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). Further, "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a section 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).

The allegation that defendants failed to follow proper procedure in decontaminating plaintiff does not support a claim for relief under section 1983 for violation of the Eighth Amendment. No allegations have been made which support a claim that defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." Farmer, 511 U.S. at 837.

    2.    Supervisory Liability Claims

Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Although plaintiff names former Director Woodford and Sergeant Alvarez as defendants, plaintiff has not alleged any facts that give rise to a claim for relief under section 1983 against them.

### 3. Rules Violation

Plaintiff alleges that defendant Garza charged him with a false rules violation which resulted in plaintiff being retained in administrative segregation for 91 days.

The Due Process Clause protects against the deprivation of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Wilkinson v. Austin, 125 S.Ct. 2384, 2393 (2005). The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement." Wilkinson, 125 S.Ct. at 2393; Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). Under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300 (1995); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

Plaintiff does not have a protected liberty interest in remaining free from ad-seg. Sandin, 515 U.S. at 484; Myron, 476 F.3d at 718; May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997). Because there is no protected liberty interest at stake, the alleged false rules violation report which resulted in plaintiff's retention in administrative segregation is not actionable under federal law.

### 4. Inmate Appeals

Plaintiff alleges that defendant Gricewich failed to properly process his inmate appeals. These allegations also fail to state a cognizable claim under federal law. "[A prison] grievance procedure is a procedural right only, *it does not confer any substantive right upon the inmates*." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)) (emphasis added); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259

6

F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. Buckley, 997 F.2d at 495.

The actions of defendants in reviewing and resolving plaintiff's inmate appeals do not support any claims for relief under section 1983. Plaintiff's attempt to impose liability on defendants based on their involvement in responding to his appeals fails as a matter of law.

**C.    Conclusion**

Plaintiff's complaint states a claim against defendants Soto, Reynoso, Popper, Galaza, Pear, Morales, Reese, Navarro, Crisanto, Reynaga, Wanagitis, Pelayo, Negrete and Hernandez for use of excessive force in violation of the Eighth Amendment. However, plaintiff's complaint does not state any other claims upon which relief may be granted under section 1983. The court provided plaintiff with the opportunity to file an amended complaint but plaintiff opted to proceed on the claims found to be cognizable by the court. Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed only against defendants Soto, Reynoso, Popper, Galaza, Pear, Morales, Reese, Navarro, Crisanto, Reynaga, Wanagitis, Pelayo, Negrete and Hernandez on plaintiff's excessive force and state law claims; and

2. Defendants Woodford, Garza, Alvarez, Parks, Fhemas, Sweeny and Gricewich be dismissed from this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 19, 2008**                **/s/ Dennis L. Beck**
                                           UNITED STATES MAGISTRATE JUDGE