IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE H. KNOX, III,<br><br>        Plaintiff,<br><br>   vs.<br><br>JEANNE WOODFORD, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:07-cv-00144 AWI DLB PC<br><br>ORDER ADOPTING IN PART AND VACATING IN PART FINDINGS AND RECOMMENDATIONS, AND DISMISSING DEFENDANTS WOODFORD, GARZA AND GRICEWICH FROM ACTION<br><br>[Doc. 12]<br><br>ORDER REQUIRING PLAINTIFF TO FILE AMENDED COMPLAINT WITHIN THIRTY (30) DAYS |

       Plaintiff Willie Knox III ("plaintiff") is proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. On December 4, 2007, this court issued an order requiring plaintiff to either file an amended complaint curing the deficiencies in his claims as identified by the court or notify the court that he did not wish to amend and wished to proceed only on those claims found to be cognizable by the court. (Doc. 10.) On December 14, 2007, plaintiff filed a notice stating that he did not wish to amend and wished to proceed on the claims found to be cognizable by the court. (Doc. 11.) Based on plaintiff's notice, the court issued a Findings and Recommendations recommending that this action proceed only against defendants Soto, Reynoso, Popper, Galaza, Pear, Morales, Reese, Navarro, Crisanto, Reynaga, Wanagitis, Pelayo, Negrete and Hernandez on plaintiff's excessive force and state

1 law claims, and that defendants Woodford, Garza, Alvarez, Parks, Fhemas, Sweeny and Gricewich be
2 dismissed from the action.  The Court also issued an order requiring plaintiff to fill out and submit
3 summonses and USM-285 forms for service of process.  (Docs. 12, 13.)  Plaintiff returned to service
4 documents on September 16, 2008, and the court issued an order directing the United States Marshal
5 to serve plaintiff's second amended complaint on September 19, 2008.  (Docs. 15, 17.)

6 　　　On September 8, 2008, plaintiff filed an objection to the Findings and Recommendations.  (Doc.
7 14.)   In his objection, plaintiff consents to the dismissal of defendant Woodford, but objects to the
8 dismissal of defendants Parks, Fhemas, Sweeny and Alvarez.  Plaintiff has not objected to the dismissal
9 of defendants Garza nor Gricewich.   If plaintiff does not agree with the recommendation to dismiss
10 defendants Parks, Fhemas Sweeny and Alvarez from this action, this action shall not be allowed to
11 proceed on plaintiff's complaint and plaintiff shall file an amended complaint within thirty days of
12 service of this order.  Defendants Soto, Reynoso, Popper, Galaza, Pear, Morales, Reese, Navarro,
13 Crisanto, Reynaga, Wanagitis, Pelayo, Negrete and Hernandez are relieved of their obligation to respond
14 to plaintiff's complaint until further notice by this court.

15 　　　Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended
16 complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

17 　　　Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each
18 named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,
19 Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007).  Although accepted as true, the "[f]actual
20 allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic
21 Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

22 　　　Under section 1983, liability may not be imposed on supervisory personnel for the actions of
23 their employees under a theory of respondeat superior.  When a named defendant holds a supervisorial
24 position, the causal link between that defendant and the claimed constitutional violation must be
25 specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589
26 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To state a claim for relief under
27 section 1983 for supervisory liability, Plaintiff must allege some facts indicating that the defendant
28 either: personally participated in the alleged deprivation of constitutional rights; knew of the violations

and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Magistrate Judge's Findings and Recommendations, filed August 19, 2008 is ADOPTED IN PART AND VACATED IN PART as follows:

   A. Defendants Woodford, Garza, and Gricewich are dismissed from this action, with prejudice;

   B. The Court's recommendation that this action proceed only against defendants Soto, Reynoso, Popper, Galaza, Pear, Morales, Reese, Navarro, Crisanto, Reynaga, Wanagitis, Pelayo, Negrete and Hernandez on plaintiff's excessive force and state law claims is VACATED; and

2. The Clerk's Office shall send Plaintiff a complaint form;

3. Within **thirty (30) days** from the date of service of this order, plaintiff shall file an amended complaint;

4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim; and

6. Defendants Soto, Reynoso, Popper, Galaza, Pear, Morales, Reese, Navarro, Crisanto, Reynaga, Wanagitis, Pelayo, Negrete and Hernandez are relieved of their obligation to

1. respond to plaintiff's complaint until further notice by this court.
2. 
3. IT IS SO ORDERED.
4. Dated:   October 8, 2008                           /s/ Anthony W. Ishii
   CHIEF UNITED STATES DISTRICT JUDGE