# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE H. KNOX, III, | CASE NO. 1:07-cv-00144-AWI-DLB (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST BE GRANTED |
| v. | |
| JEANNE S. WOODFORD, et al., | (Doc. 46) |
| Defendants. | |
| / | OBJECTIONS, IF ANY, DUE WITHIN **TWENTY ONE DAYS** |

**Defendants' Motion to Dismiss for Failure to Exhaust Administrative Remedies**

**I.  Background**

Plaintiff Willie H. Knox III, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 26, 2007. The action is proceeding on Plaintiff's first amended complaint, filed November 10, 2008, against Defendants G. M. Galaza, J. Soto, F. Reynoso, E. Popper, M. Alvarez, R. P. Pear, M. Morales, D. Reese, C. Navarez, E. Crisanto, R. Reynaga, M. Wanagitis, S. Pelayo, A. Negrete, E. Hernandez, J. Parks, F. Lemos, and K. Sweeny for violation of the Eighth Amendment.[1]

On August 6, 2009, Defendants Morales, Garcia (aka Reese), Lemos, Sweeny, Soto, Crisanto, Reynaga, Wanagitis, Pelayo, Negrete and Hernandez ("Defendants") filed a motion to

---

[1] C. Navarez, F. Reynoso, and J. Parks have not appeared in this action. Defendant Crisanto's name is misspelled as "Chrisanto" in the operative amended complaint. Defendant Lemos's name is misspelled as "Fhemos" in the operative amended complaint. (Doc. 20.)

1

dismiss for failure to exhaust, pursuant to the unenumerated portion of Federal Rule of Civil Procedure 12(b). On August 20, 2009, Defendants Pear, Galaza, and Alvarez moved to join the motion to dismiss. Plaintiff filed an opposition on October 5, 2008, and Defendants filed a reply on October 8, 2009.[2] The matter is deemed submitted pursuant to Local Rule 230(l). The Court grants Defendants Pear, Galaza, and Alvarez's joinder.

## II. Summary of Plaintiff's Eighth Amendment Claims

The events giving rise to this action occurred at Kern Valley State Prison ("KVSP") on August 9, 2005, where Plaintiff was incarcerated. (Doc. 20, Amended Complaint, ¶6.) During the morning Plaintiff was in the prison exercise yard when an emergency alarm was activated. (Id., ¶ 25) Defendants Soto, Reynoso, and Popper approached the security gate and instructed the officer at the yard to order inmates to lay in a prone position. (Id., ¶ 27.) Several inmates asked to speak with Defendants Soto, Reynoso and Popper about their concerns over laying in a prone position on the hot asphalt. (Id., ¶ 28.) Their attempts were ignored. (Id., ¶29.) After fifteen minutes, Defendant Soto called Defendant Galaza concerning the inmates' request to speak to a superior. (Id., ¶ 31.) Defendant Galaza told Defendants Soto and Reynoso to form a skirmish line. (Id.)

After approximately 25 minutes, approximately fifty (50) officers reentered the exercise yard in full riot gear. (Id., ¶ 32.) Plaintiff was sitting in the exercise yard when the skirmish line of officers entered. (Id., ¶ 33.) Plaintiff was ordered to lay in a prone position, to which Plaintiff complied. (Id.) At one point, inmate Hendricks, another inmate laying in a prone position, was ordered to crawl back to the skirmish line, and had unnecessary force used on him. (Id., ¶¶ 36-39.) Inmate Johnson and Plaintiff objected to crawling back to the skirmish line, stating that it was unsafe. (Id., ¶¶ 41-42.) Defendant Popper ordered his subordinates to use pepper-spray upon both inmates. (Id., ¶ 42.) Plaintiff was excessively sprayed by Defendants Navarez, Crisanto, Reynaga, Wanagitis, Pelayo, Negrete, and Hernandez. (Id., ¶ 43.) Plaintiff was then ordered to crawl back of his hands and feet. (Id., ¶ 45.) When Plaintiff stated that he was unable to do so because he could not see because of the pepper-spray, he was sprayed again by Defendants Pear, Navarez, Reynaga, Wanagitis, Pelayo,

---

[2] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on January 7, 2009. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Docs. 17, 37.)

Negrete, and Hernandez, upon orders by Defendant Popper. (Id., ¶ 46). Defendants Popper instructed that Plaintiff be left on the hot asphalt to burn. (Id., ¶ 47.)

Defendant Alvarez then ordered Defendants Pear and Morales to drag Plaintiff to the skirmish line. (Id., ¶ 48.) Plaintiff contends that he was punched, kicked, elbowed and kneed by Defendants Pear, Morales and Reese. (Id., ¶ 49.) Plaintiff states that he was then taken to be decontaminated from the effects of the pepper-spray (Id., ¶ 51.) Plaintiff alleges that Defendants Parks, Fhemos, and Sweeny failed to ensure that Plaintiff was properly decontaminated. (Id., ¶ 53.) Plaintiff states that Defendants Parks, Fhemos, and Sweeny did not provide an medical treatment or pain relievers despite Plaintiff's visible burns, cuts and bruises. (Id., ¶¶ 55-56.)

### III. **Statutory Exhaustion Requirement**

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which Defendants have the burden of raising and proving the absence of exhaustion. Jones, 127 S.Ct. at 921; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is

3

dismissal without prejudice. Id.

**IV.     Discussion**

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2009). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 85-86, 126 S.Ct. 2378 (2006); McKinney, 311 F.3d at 1199-1201.

Defendants move for dismissal of the claims against them on the ground that Plaintiff did not exhaust administrative remedies prior to filing suit. Defendants submit evidence that Plaintiff submitted an appeal dated 152 days after the excessive force event allegedly occurred. (Doc. 20, at 65; Doc. 46-3, Billings Decl. ¶ 5.) Plaintiff's appeal was rejected because it was untimely. (Doc. 20 at 68; Billings Decl. ¶ 5.) There was no earlier relevant appeal. (Billings Decl. ¶¶ 4-8.) The Inmate Appeal Tracking System (IATS) for KVSP shows that Plaintiff filed no staff complaint appeal in 2005. (Id.) The IATS computer log attached to the declaration of the Chief of the Inmate Appeal Board, shows that no staff complaint appeals were exhausted at the third level of review. (Doc. 46-4, Grannis Decl. ¶¶ 3-4.)

In opposition, Plaintiff argues that he attempted to file a grievance on August 14, 2005, but that it was screened out because the charges against Plaintiff had not yet been adjudicated. (¶34). Plaintiff then submitted the grievance to the Chief of Inmate Appeals, who responded by informing Plaintiff that he must first process the appeal through the appeals process at K.V.S.P.(¶¶35, 36.)

Plaintiff has not submitted a copy of the August 2005 screened out grievance. Plaintiff also does not specify in his opposition what facts or misconduct were raised in this screened-out grievance, which precludes the Court from determining what issues were grieved.

4

1       Plaintiff argues that he attempted to file a grievance in January 2006, after his Rules Violation had been adjudicated. However, the Court does not find persuasive Plaintiff's argument that he was following instructions to resubmit his grievance after his rules violation was adjudicated without either the original September 14, 2005 prison 602 grievance or the screen out form of that grievance instructing him to do so. Further, Defendants' evidence shows that Plaintiff did not submit any staff complaints prior to January 2006. "Proper exhaustion[, which] demands compliance with an agency's deadlines and other critical procedural rules . . . ." is required, Woodford v. Ngo, 548 U.S. 81, 90, 126 S.Ct. 2378 (2006), and may not be satisfied "by filing an untimely or otherwise procedurally defective . . . appeal," Woodford, 548 U.S. at 83-84. Because the Court finds that Plaintiff did not comply with the appropriate deadlines, Defendants are entitled to dismissal of the excessive force claims against them. Because the only claim against Defendants G. M. Galaza, J. Soto, F. Reynoso, E. Popper, M. Alvarez, R. P. Pear, M. Morales, D. Reese, C. Navarez, E. Crisanto, R. Reynaga, M. Wanagitis, S. Pelayo, A. Negrete, and E. Hernandez is for excessive force, these Defendants are dismissed from this action for failure to exhaust administrative remedies.

      Furthermore, Plaintiff's only claims against unserved Defendants C. Navarez and F. Reynoso concern this same incident of alleged excessive force. Because Defendants have demonstrated that Plaintiff failed to exhaust his administrative remedies as they pertain to his excessive force claims, Defendants C. Navarez and F. Reynoso are also dismissed from this action.

**V.**     **Plaintiff's Eighth Amendment Medical Care Claim**

      Although Defendants are entitled to dismissal of the excessive force claim, their motion does not address Plaintiff's allegations, pled in the operative pleading, that he was deprived of adequate medical care, also in violation of the Eighth Amendment. Therefore, the finding that Defendants are entitled to dismissal of the excessive force claims does not close this action. This action continues to proceed against Defendants F. Lemos and K. Sweeny.

///
///
///
///

**VI. Conclusion and Recommendation**

Defendants have met their burden of demonstrating that Plaintiff failed to exhaust his excessive force claim prior to filing suit, in compliance with section 1997e(a). Therefore, the Court HEREBY RECOMMENDS the following:

1. Defendants' motion to dismiss, filed August 6, 2009 be GRANTED based on Plaintiff's failure to exhaust administrative remedies, and Plaintiff's excessive force claims be dismissed without prejudice;

2. Defendants G. M. Galaza, J. Soto, E. Popper, M. Alvarez, R. P. Pear, M. Morales, D. Reese, E. Crisanto, R. Reynaga, M. Wanagitis, S. Pelayo, A. Negrete, E. Hernandez, C. Navarez, and F. Reynoso be DISMISSED from this action; and

3. This action proceed on Plaintiff's Eighth Amendment claim concerning the denial of medical care and/or treatment against Defendants F. Lemos and K. Sweeny.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **February 1, 2010**  /s/ Dennis L. Beck
UNITED STATES MAGISTRATE JUDGE