# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE H. KNOX, III, | CASE NO. 1:07-cv-00144-AWI-DLB (PC) |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART |
| v. | (Doc. #55) |
| WOODFORD, et al., | ORDER GRANTING MOTION TO DISMSS (Doc. #25) |
| Defendants. | |

  Plaintiff Willie H. Knox, III, ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

  On February 2, 2010, the Magistrate Judge filed a Findings and Recommendations herein which was served on plaintiff and which contained notice to plaintiff that any objection to the Findings and Recommendations was to be filed within twenty-one days.  Plaintiff filed an Objection to the Findings and Recommendations on February 26, 2010.

//

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1), this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis, with one modification. Defendant E. Popper was served with process on November 20, 2009, but has yet to file a responsive pleading in this action.[1] Defendants C. Navarez and F. Reynoso have not been served with process and have also not appeared in this action. The Court thus respectfully declines to dismiss Defendants Popper, Navarez, and Reynoso from this action at this time.

To the extent Plaintiff contends in his objections that he did file a timely appeal, the only timely appeal attached to Plaintiff's objections is stamped by the Appeals Branch in Sacramento. Because such an appeal was not the proper procedural step, it offers Plaintiff no assistance. As explained by the Magistrate Judge, proper exhaustion under 28 U.S.C. § 1997e(a) is mandatory and requires compliance with the administrative grievance system's procedural rules. Woodford v. Ngo, 548 U.S. 81, 85, 90 (2006).

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed February 2, 2010, are adopted as stated herein;

2. Defendants' motion to dismiss, filed August 6, 2009, is GRANTED for Plaintiff's failure to exhaust administrative remedies concerning Plaintiff's claim of excessive force against Defendants Morales, Reese, Soto, Crisanto, Reynaga, Wanagitis, Pelayo, Negrete, Hernandez, Pear, Galaza, and Alvarez;

3. Defendants Morales, Reese, Soto, Crisanto, Reynaga, Wanagitis, Pelayo, Negrete, Hernandez, Pear, Galaza, and Alvarez are dismissed from this action;

4. This action will proceed on Plaintiff's claims against Defendants E. Popper, C. Navarez, F. Reynoso, F. Lemos, and K. Sweeny;

---

[1] Pursuant to the Court's April 9, 2009 order, defendants who either waive service or are personally served are required to respond to the complaint. (Doc. 37.) Rule 12(a) of the Federal Rules of Civil Procedure generally requires a defendant to serve a responsive pleading within 21 days after being served with the summons and complaint. Under the federal rules which were in effect on the date Defendant Popper was personally served, Defendant had 20 days to file a responsive pleading. As of the date of this order, Defendant Popper has failed to comply.

5. Defendants F. Lemos and K. Sweeny are to file an answer to Plaintiff's amended complaint within 20 days from the date of service of this order; and

6. Defendant E. Popper is to file a responsive pleading within 20 days from the date of service of this order.

IT IS SO ORDERED.

Dated:   **March 9, 2010**               /s/ **Anthony W. Ishii**
                                       CHIEF UNITED STATES DISTRICT JUDGE