# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE H. KNOX, III, | CASE NO. 1:07-cv-00144-AWI-DLB PC |
| Plaintiff, | ORDER DENYING ENTRY OF DEFAULT |
| v. | (Doc. 60) |
| WOODFORD, et al., | ORDER REQUIRING DEFENDANT POPPER TO RESPOND TO UNITED STATES MARSHAL'S REQUEST FOR REIMBURSEMENT OF COSTS WITHIN TWENTY DAYS |
| Defendants. | |
| / | (Doc. 54) |

**Order**

Plaintiff Willie H. Knox, III ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Pending before the Court is Plaintiff's motion for entry of default against Defendant E. Popper, file March 31,2010. (Doc. 60.) Also pending is the United States Marshal's request for reimbursement. (Doc. 54.)

**I.      Entry of Default**

Plaintiff contends that Defendant Popper failed to make a timely appearance in this action, as Defendant Popper was served with a copy of the amended complaint on April 9, 2009 and failed to answer or otherwise defend. (Doc. 60, Mot. 1-2.) On April 1, 2010, Defendant Popper filed an objection and request for extension of time to file a response. (Doc. 61, Objections.)

Plaintiff is proceeding in forma pauperis, and the United States Marshal accordingly was required to effect service of process on Defendants. Fed. R. Civ. P. 4(c)(3). Based on the court

1

record, the Marshal effected personal service on Defendant Popper on November 20, 2009. (Doc. 54, USM-285 Form.) Defendants that are served, and that do not timely waive service, must serve a response to the complaint within 21 days. Fed. R. Civ. P. 12(a).

The Court later granted Defendant Popper up to and including March 29, 2010 in which to file a responsive pleading. (Doc. 58, March 10, 2010 Order.) Defendant Popper did not timely respond. On March 31, 2010, Plaintiff filed a motion for entry of default against Defendant Popper. However, on April 1, 2010, Defendants filed objections to Plaintiff's motion for entry of default.

Defendants submit a declaration by Defendants' counsel. Defendants' counsel attests that through his inadvertence, he did not notice until April 1, 2010, that the Court had ordered Defendant Popper to respond by March 29, 2010. (Doc. 61, William J. Douglas Decl. ¶ 5.) Defendants' counsel further attests that he did not receive a request for waiver of service of Defendant Popper, or an executed proof of service or a request for representation on Defendant Popper. (Douglas Decl. ¶¶ 3-4.) Defendant Popper intends to assert the same defense as the other Defendants who have appeared in this action. (Douglas Decl. ¶ 6.) Defendant Popper requests leave to file a responsive pleading by April 8, 2010. (Objection 2:5-6.)

The clerk of the court must enter default against "[a] party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). However, default is generally disfavored. *In re Hammer*, 940 F.2d 524, 525 (9th Cir. 1991). The Court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). Three factors that courts consider regarding good cause are: (1) whether party engaged in culpable conduct that led to default; (2) whether party had meritorious defense; or (3) whether reopening default would prejudice opponent. *Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004). Based on the submissions by Defendant, the Court finds that Defendants' conduct was not wilful, as it was through his counsel's error that he failed to timely respond. Defendant Popper appears to have a meritorious defense. The Court further finds that no undue prejudice will result in denying entry of default here.

////

1  Accordingly, the Court HEREBY ORDERS that Plaintiff's motion for entry of default is
2 DENIED.  Defendant Popper is granted up to and including April 8, 2010, in which to file his
3 responsive pleading.

**II.     Reimbursement of Costs**

On December 31, 2009, the United States Marshal submitted a request for reimbursement of costs against Defendant Popper for costs of service of process.  (Doc. 54.)  Pursuant to Federal Rule of Civil Procedure 4(d)(2), if a defendant, without good cause, fails to sign and return a waiver requested by a plaintiff, the Court must impose on defendants the expenses later incurred in making service.  Because Plaintiff is proceed in forma pauperis, service must be effected by the United States Marshal. Fed. R. Civ. P. 4(c)(3).  Defendant Popper has yet to respond to this request for reimbursement.  Accordingly, the Court HEREBY ORDERS Defendant Popper to respond to the Marshal's request for reimbursement within twenty (20) days from the date of service of this order.

IT IS SO ORDERED.

Dated:   **May 14, 2010**              /s/ **Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE

3