# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE H. KNOX, III, | CASE NO. 1:07-CV-00144-AWI-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATION RECOMMENDING MOTION FOR PRELIMINARY INJUNCTION BE DENIED |
| v. | |
| JEANNE S. WOODFORD, et al., | (DOC. 71) |
| Defendants. / | OBJECTIONS, IF ANY, DUE WITHIN 20 DAYS |

Plaintiff Willie H. Knox, III, ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's document, filed July 8, 2010, entitled "Memorandum of Law in support of motion for a preliminary injunction." (Doc. 71.) The Court construes this as a motion for preliminary injunction.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365, 374 (2008) (citations omitted). Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 47

1

(1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Lyons*, 461 U.S. at 102. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration Serv.*, 753 F.2d 719, 727 (9th Cir. 1985).

The Court had previously found that Plaintiff failed to exhaust administrative remedies as to his claims against Defendants Morales, Reese, Soto, Crisanto, Reynaga, Wanagitis, Pelayo, Negrete, Hernandez, Pear, Galaza, and Alvarez. (Order Adopting Findings and Recommendations, filed March 10, 2010, Doc. 58.)

Plaintiff contends that he will suffer irreparable harm if he is not allowed to exhaust administrative remedies regarding his claims in this action. A motion for preliminary injunction is not meant to determine issues regarding exhaustion of administrative remedies. The Prison Litigation Reform Act ("PLRA") states that "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm."  18 U.S.C. § 3626(a)(2). A preliminary injunction to allow Plaintiff to proceed on claims found to be unexhausted would defeat the purpose of requiring exhaustion of administrative remedies before proceeding in an action. *See* 42 U.S.C. § 1997e(c)(2) (requiring prisoner plaintiffs to exhaust administrative remedies prior to bringing action). Plaintiff is in effect seeking a preliminary injunction to waive the exhaustion requirement for his claims. The Court will not grant such a motion. Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion should be denied as moot.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty (20) days** after being served with these Findings and Recommendations, the parties may file

///
///
///
///

2

1 written objections with the court.  Such a document should be captioned "Objections to
2 Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file
3 objections within the specified time may waive the right to appeal the District Court's order.
4 *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

    IT IS SO ORDERED.

    Dated: **December 1, 2010**          /s/ **Dennis L. Beck**
                                                  UNITED STATES MAGISTRATE JUDGE