# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE H. KNOX, III, | CASE NO. 1:07-CV-00144-AWI-DLB PC |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN FULL AND DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION |
| v. | |
| JEANNE S. WOODFORD, et al., | (DOCS. 71, 74, 75) |
| Defendants. | |

Plaintiff Willie H. Knox, III ("plaintiff") is a California state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On July 8, 2010, Plaintiff filed a motion for preliminary injunction. Doc. 71. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 1, 2010, the Magistrate Judge filed a Findings and Recommendations herein which was served on the parties and which contained notice to the parties that any objection to the Findings and Recommendations was to be filed within twenty days. Doc. 74. Plaintiff filed an Objection to the Findings and Recommendations on December 20, 2010. Doc. 75.

In accordance with the provisions of 28 U.S.C. § 636(b)(1), this Court has conducted a <u>de novo</u> review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

Plaintiff contends that he has satisfied the requirements for a preliminary injunction to be granted. Plaintiff contends that because the Court found Plaintiff had stated cognizable claims, he is likely to succeed on the merits. The requirements for stating a claim are enumerated by Federal

1

Rule of Civil Procedure 8(a) and recently explained by the United States Supreme Court in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). Likelihood of success on the merits is not the same as stating a cognizable claim, however. Exhaustion of administrative remedies is governed under 42 U.S.C. § 1997e, and requires more than Plaintiff's pleadings in his complaint.

Plaintiff also contends that he is not seeking a waiver of the exhaustion requirement, but rather seeks to compel Kern Valley State Prison ("KVSP") to process Plaintiff's administrative grievances. Plaintiff contends that the Court erred in dismissing Plaintiff's claims against Defendant B. Gricewich, an appeals coordinator at KVSP. As stated previously by this Court, however, Plaintiff has no due process right under the Fourteenth Amendment to a specific inmate grievance procedure. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). KVSP is not a party to this action. Plaintiff had previously argued in opposition to other Defendants' motion to dismiss[1] that he was prevented by prison officials from properly exhausting administrative remedies, but did not produce evidence in support. *See* Findings And Recommendations, filed Feb. 2, 2010, Doc. 55. Plaintiff has also not produced any evidence that he was prevented from exhausting by the present motion.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed December 1, 2010, is adopted in full; and
2. Plaintiff's motion for preliminary injunction, filed July 8, 2010, is DENIED.

IT IS SO ORDERED.

Dated: January 25, 2011

CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Defendants Negrete, Hernandez, M Morales, Crisanto, F. Lemos, J. Soto, Wanagitis, Reynaga, Pelayo, K. Sweeny, and D. Reese were dismissed from this action on March 10, 2010 for Plaintiff's failure to exhaust administrative remedies.