# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE H. KNOX, III,<br><br>            Plaintiff,<br><br>      v.<br><br>JEANNE S. WOODFORD, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:07-CV-00144-AWI-DLB PC<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DEFENDANTS' MOTIONS TO DISMISS BE GRANTED AND ACTION BE DISMISSED WITHOUT PREJUDICE (DOCS. 59, 63)<br><br>OBJECTIONS DUE WITHIN TWENTY-ONE DAYS |

**Findings And Recommendation**

## I.      Procedural History

Plaintiff Willie H. Knox, III ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court are Defendants F. Lemos, K. Sweeny, and E. Popper's motion to dismiss, filed March 29, 2010 and April 8, 2010.[1]  Defs.' Mot. Dismiss, Docs. 59, 63.  Defendants C. Navarez and F. Reynoso filed a joinder to Defendants' motions to dismiss on June 29, 2010.  Doc. 70.  Plaintiff did not file a timely opposition to the Defendants' motions to dismiss. [2]  The matter is submitted

---

[1] Defendants Morales, Reese, Soto, Crisanto, Reynaga, Wanagitis, Pelayo, Negrete, Hernandez, Pear, Galaza, and Alvarez were dismissed from this action on March 10, 2010 for Plaintiff's failure to exhaust administative remedies. Doc. 58. Defendant Parks was dismissed on April 19, 2010 for Plaintiff's failure to provide sufficient information for the United States Marshal to effect service of process. Doc. 64. They are included in the summary of Plaintiff's Eighth Amendment claims for the sake of completeness only.

[2] Plaintiff was provided with the requirements for opposing an unenumerated 12(b) motion in the Court's second informational order, issued April 9, 2009. *Wyatt v. Terhune*, 315 F.3d 1108, 1114 (9th Cir. 2003).

1

pursuant to Local Rule 230(l).

## II. Summary of Plaintiff's Eighth Amendment Claims

The events giving rise to this action occurred at Kern Valley State Prison ("KVSP") on August 9, 2005, where Plaintiff was incarcerated. Doc. 20, Amended Complaint, ¶6.  During the morning Plaintiff was in the prison exercise yard when an emergency alarm was activated. *Id.* ¶ 25.  Soto, Defendant Reynoso, and Defendant Popper approached the security gate and instructed the officer at the yard to order inmates to lay in a prone position. *Id.* ¶ 27.  Several inmates asked to speak with Soto, Defendant Reynoso, and Defendant Popper about their concerns over laying in a prone position on the hot asphalt. *Id.* ¶ 28.  Their attempts were ignored. *Id.* ¶29.  After fifteen minutes, Soto called Galaza concerning the inmates' request to speak to a superior. *Id.* ¶ 31.  Galaza told Soto and Defendant Reynoso to form a skirmish line. *Id.*

After approximately 25 minutes, approximately fifty (50) officers reentered the exercise yard in full riot gear. *Id.* ¶ 32.  Plaintiff was sitting in the exercise yard when the skirmish line of officers entered. *Id.* ¶ 33.  Plaintiff was ordered to lay in a prone position, to which Plaintiff complied. *Id.*  At one point, inmate Hendricks, another inmate laying in a prone position, was ordered to crawl back to the skirmish line, and had unnecessary force used on him. *Id.* ¶¶ 36-39. Inmate Johnson and Plaintiff objected to crawling back to the skirmish line, stating that it was unsafe. *Id.* ¶¶ 41-42.  Defendant Popper ordered his subordinates to use pepper-spray upon both inmates. *Id.* ¶ 42.  Plaintiff was excessively sprayed by Crisanto, Reynaga, Wanagitis, Pelayo, Negrete, Hernandez, and Defendant Navarez. *Id.* ¶ 43.  Plaintiff was then ordered to crawl back of his hands and feet. *Id.* ¶ 45.  When Plaintiff stated that he was unable to do so because he could not see because of the pepper-spray, he was sprayed again by Pear, Reynaga, Wanagitis, Pelayo, Negrete, Hernandez, and Defendant Navarez, upon orders by Defendant Popper. *Id.* ¶ 46.  Defendant Popper instructed that Plaintiff be left on the hot asphalt to burn. *Id.* ¶ 47.

Alvarez then ordered Pear and Morales to drag Plaintiff to the skirmish line. *Id.* ¶ 48. Plaintiff contends that he was punched, kicked, elbowed and kneed by Pear, Morales and Reese. *Id.* ¶ 49.  Plaintiff states that he was then taken to be decontaminated from the effects of the

2

1 pepper-spray *Id.* ¶ 51. Plaintiff alleges that Parks, Defendant Lemos, and Defendant Sweeny
2 failed to ensure that Plaintiff was properly decontaminated. *Id.* ¶53. Plaintiff states that Parks
3 Defendant Lemos, and Defendant Sweeny did not provide any medical treatment or pain relievers
4 despite Plaintiff's visible burns, cuts and bruises. *Id.* ¶¶ 55-56.

**III.     Exhaustion Of Administrative Remedies**

    **A.     Legal Standard**

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516, 532 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. *Jones*, 549 U.S. at 216; *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. *Wyatt*, 315 F.3d at 1119 (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1998) (per curiam)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. *Id.* at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. *Id.*

    **B.     Discussion**

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs. tit. 15, § 3084.1 (2010). The process

is initiated by submitting a CDC Form 602. *Id.* § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." *Id.* § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. *Id.* §§ 3084.5, 3084.6(c). In order to satisfy § 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. *Woodford v. Ngo*, 548 U.S. 81, 85-86 (2006); *McKinney*, 311 F.3d at 1199-1201. Exhaustion does not *always* require pursuit of an appeal through the Director's Level of Review. What is required to satisfy exhaustion is a fact specific inquiry, and may be dependent upon prison officials' response to the appeal. *See Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010) (listing examples of exceptions to exhaustion requirement from other circuits); *Brown v. Valoff*, 422 F.3d 926, 935-36 (9th Cir. 2005) ("[E]ntirely pointless exhaustion" not required).

   Defendants contend that Plaintiff did not exhaust administrative remedies regarding this claim. Defs.' Mot. Dismiss 5:20-6:2, Doc. 59; Defs.' Mot. Dismiss 7:14-20, Doc. 63. Defendants contend that Plaintiff submitted an inmate grievance regarding the excessive force incident 152 days after the incident allegedly occurred. *Id.* Defendants contend that Plaintiff's inmate grievance was screened out as untimely. *Id.* Defendants further contend that Plaintiff did not submit any grievances regarding health care or medical treatment. *Id.* Defendants submit as supporting evidence declarations from appeals coordinator T. Billings and chief of the inmate appeals branch N. Grannis, as well as Plaintiff's untimely inmate grievance.

   Having examined the submitted evidence, the Court finds that Defendants have met their burden of demonstrating that Plaintiff failed to exhaust administrative remedies regarding his Eighth Amendment claims. Because Defendants' motions are unopposed, the Court will recommend that Defendants' motions to dismiss be granted. Plaintiff's action should be dismissed without prejudice for failure to exhaust administrative remedies. *Wyatt*, 315 F.3d at 1119-20.

///

IV. **Conclusion and Recommendation**

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants' motions to dismiss, filed March 29, 2010 and April 18, 2010, should be GRANTED in full;

2. Defendants Navarez, Lemos, Sweeny, Popper, and Reynoso should be dismissed from this action;

3. This action should be DISMISSED without prejudice for Plaintiff's failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a); and

4. The Clerk of the Court be directed to close this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **twenty-one (21) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **February 4, 2011**            /s/ Dennis L. Beck
                                    UNITED STATES MAGISTRATE JUDGE