# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE H. KNOX, III, | CASE NO. 1:07-CV-00144-AWI-DLB PC |
| Plaintiff, | ORDER DENYING UNITED STATES MARSHAL'S REQUEST FOR REIMBURSEMENT PURSUANT TO DEFENDANT POPPER'S SHOWING OF GOOD CAUSE |
| v. | |
| JEANNE S. WOODFORD, et al., | |
| Defendants. | (DOC. 54) |

Plaintiff is a California state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The United States Marshal ("Marshal") was directed to serve process on several Defendants, including Defendant Popper, on April 9, 2009. Doc. 37. Pending before the Court is the Marshal's request for reimbursement of costs for effecting personal service on Defendant Popper, filed December 31, 2009. Doc. 54. On June 3, 2010, Defendant filed his response to the Marshal's request. Docs. 66, 67.

**II.  Discussion**

Rule 4(d) of the Federal Rules of Civil Procedure provides in part:

> An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons . . .
> If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant . . . the expenses later incurred in making service.

The Marshal requests that the Court impose costs on Defendant Popper for his failure to avoid unnecessary expenses. On December 31, 2009, the Marshal filed a USM-285 form

1

indicating that a Waiver of Service form was mailed to Defendant on May 7, 2009. Doc. 54. Personal service was effected on November 20, 2009 with costs of $71.60. *Id.*

Defendant Popper contends that the failure to avoid costs occurred through error at the litigation coordinator's office at California Substance Abuse Facility, where Defendant Popper is employed. F. Villa Decl., Doc. 67-1. The litigation coordinator's office did not receive a waiver of service for Defendant Popper, and thus no request of waiver of service was sent to the office of the Attorney General or to Defendant Popper. *Id.*

It appears that good cause exists to not impose expenses on Defendant Popper for failing to avoid unnecessary costs. Defendant Popper does not appear to have been aware of any waiver of service as it was error on the part of the litigation coordinator's office to notify him or the Attorney General's office. The Court will thus not impose costs of personal service on Defendant Popper.

### III.     Conclusion

Based on the foregoing, it is HEREBY ORDERED that:

1.    The Marshal's request for reimbursement for costs of personal service on Defendant E. Popper, filed December 31, 2009, is denied; and

2.    The Clerk is directed to serve a copy of this order on the United States Marshal, Sacramento, California.

IT IS SO ORDERED.

Dated:   **February 16, 2011**                     /s/ **Dennis L. Beck**
                                                                     UNITED STATES MAGISTRATE JUDGE